UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
JANE DOE 1,

                      Plaintiff,

        v.

MCADAM FINANCIAL GROUP LLC, and
CHARLES NORFLEET, in his individual and
professional capacity,

                      Defendants.
------------------------------------------------------- X

Civil Action No.: 22-cv-00113

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO PROCEED ANONYMOUSLY PURSUANT TO FRCP RULE 10(a)

**WIGDOR LLP**

Jeanne M. Christensen
Lindsay M. Goldbrum

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
lgoldbrum@wigdorlaw.com

*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

FACTUAL BACKGROUND ..................................................................................................1

ARGUMENT .............................................................................................................................1

I.  PLAINTIFF SHOULD BE GRANTED LEAVE TO PROCEED
    ANONYMOUSLY IN THIS LAWSUIT DUE TO THE SENSITIVE AND
    PERSONAL NATURE OF THE ALLEGATIONS ............................................................2

    A.  This Litigation Involves Matters that are Highly Sensitive and of a
        Personal Nature ...................................................................................................3

    B.  Plaintiff's Identification Poses a Risk of Retaliatory Mental Harm .................3

    C.  The Defendants Would Not be Prejudiced by Allowing the Plaintiff to
        Pursue Her Claims Anonymously .......................................................................4

    D.  Plaintiff Has Kept Her Identity Confidential .....................................................5

    E.  The Public Will Not be Prejudiced if Plaintiff Proceeds Anonymously .........5

    F.  Allowing Plaintiff to Proceed Anonymously Furthers Public Interest ............5

CONCLUSION .........................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**            **Page**

Doe v. Blue Cross & Blue Shield United of Wisconsin,
   112 F.3d 869 (7th Cir. 1997) .................................................................................... 3

Doe v. Diocese Corp.,
   647 A.2d 1067 (Conn. 1994) .................................................................................... 4

Doe v. Evans,
   202 F.R.D. 173 (E.D. Pa. 2001) ............................................................................ 5, 6

Doe v. Smith,
   189 F.R.D. 239 (E.D.N.Y. 1998) ............................................................................. 1

Doe v. Smith,
   105 F. Supp. 2d 40 (E.D.N.Y. 1999) .................................................................... 3, 4

Doe v. Stegall,
   653 F.2d 180 (5th Cir. 1981) .................................................................................... 5

EW v. New York Blood Center,
   213 F.R.D. 108 (E.D.N.Y. 2003) ......................................................................... 1, 5

John Doe 140 v. Archdiocese of Portland in Oregon,
   249 F.R.D. 358 (D. Or. 2008) .................................................................................. 3

Roe v. Aware Woman Ctr. for Choice, Inc.,
   253 F.3d 678 (11th Cir. 2001) .............................................................................. 4, 5

Roe v. Borup,
   500 F.Supp. 127 (E.D. Wis. 1980) ........................................................................... 4

Sealed Plaintiff v. Sealed Defendant,
   537 F.3d 185 (2d Cir. 2008) ............................................................................ 1, 2, 3

## Rules

Federal Rule of Civil Procedure ("FRCP") 10a ............................................................... 1

Rule 10 of the Federal Rules of Civil Procedure ............................................................. 4

Plaintiff Jane Doe 1 ("Plaintff" or "Ms. Doe 1"), by and through her undersigned counsel Wigdor LLP, hereby files this Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously Pursuant to Federal Rule of Civil Procedure ("FRCP") 10a (the "Motion").

## FACTUAL BACKGROUND

This lawsuit involves claims arising from Plaintiff's employment at Defendant McAdam Financial Group LLP ("McAdam"). Specifically, Plaintiff alleges gender discrimination and retaliation pursuant to federal, state and municipal law. However, as set forth in the Complaint (Dkt. No. 6), Plaintiff's claims also involve allegations of rape and sexual assault by a supervisor at McAdam, Defendant Charles Norfleet ("Norfleet") (collectively with McAdam, the "Defendants"). Because of this, Plaintiff has filed this lawsuit under the pseudonym of Jane Doe 1 to protect her identity. Counsel for Plaintiff has already confidentially disclosed Plaintiff's name to counsel for Defendants. *See* Christensen Decl. Plaintiff has substantial privacy interests in her identity remaining anonymous, and she would suffer significant psychological harm if she is forced to reveal her identity to the public. Further, Defendants will suffer no prejudice if Plaintiff is permitted to pursue her claims anonymously. Accordingly, Plaintiff's Motion to Proceed Anonymously should be granted.

## ARGUMENT

It is well-settled that is within the sound discretion of the court to allow a plaintiff to proceed anonymously in judicial proceedings. *See e.g., EW v. New York Blood Center*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *Doe v. Smith*, 189 F.R.D. 239, 242 (E.D.N.Y. 1998), *vacated on rehearing and modified on other grounds,* 105 F.Supp.2d 40, 45 (E.D.N.Y. 1999). A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff v. Sealed Defendant*,

537 F.3d 185, 189 (2d Cir. 2008) (internal quotation marks and citation omitted). The question for the district court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal quotation marks and citation omitted).

I. **PLAINTIFF SHOULD BE GRANTED LEAVE TO PROCEED ANONYMOUSLY IN THIS LAWSUIT DUE TO THE SENSITIVE AND PERSONAL NATURE OF THE ALLEGATIONS**

Plaintiff's interest in anonymity outweighs any other factors that would justify disclosing her name. When deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. *See Sealed Plaintiff,* 537 F.3d at 189–90. In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 189–90 (internal quotation marks, citations, and alterations omitted).

A district court is not required to list each of the factors or use any particular formula as long as the court balanced the interests at stake in reaching its conclusion. *Id*. at 191, n.4. When balancing these interests, these factors favor granting Plaintiff's request to proceed anonymously in this action.

### A. This Litigation Involves Matters That Are Highly Sensitive and of a Personal Nature

As to the first factor, Plaintiff's claims concern sexual assault and rape and, accordingly, are highly sensitive and of a personal nature. In similar circumstances, courts have recognized the need to protect the identity of sexual assault victims. *See Doe*, 105 F. Supp. 2d 40 (allowing victim of sexual abuse to proceed anonymously); *see also Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869 (7th Cir. 1997) (recognizing rape victims as entitled to anonymity).

### B. Plaintiff's Identification Poses a Risk of Retaliatory Mental Harm

The second factor is similarly satisfied in favor of granting anonymity, as Plaintiff's identification poses a risk of mental harm. Plaintiff's experiences with as described in the Complaint are deeply traumatic, and having those experiences played out in a public forum could spark more trauma for Plaintiff. *See John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply

psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact."). Under circumstances in which disclosure of a party's identity could cause further injury, anonynimity is routinely permitted. *See Doe*, 105 F. Supp. 2d at 44 (holding that sexual abuse victim may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); *Doe v. Diocese Corp.*, 647 A.2d 1067, 1072 (Conn. 1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); *Roe v. Borup*, 500 F.Supp. 127 (E.D. Wis. 1980). In this case, Plaintiff has sought mental health treatment and would certainly experience significant harm if she is forced to reveal her identity to the public.

    **C.    The Defendants Would Not Be Prejudiced by Allowing the Plaintiff to Pursue Her Claims Anonymously**

Additionally, the Defendants would not be prejudiced if Plaintiff pressed her claim anonymously. This is not a case in which the Defendants do not know the Plaintiff's identity. Plaintiff's counsel has confidentially disclosed Plaintiff's name to counsel for the Defendants. In *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001), the plaintiff offered to disclose her name to defendant if her name could remain anonymous in court filings and the court found that there was no prejudice to defendant in such a situation. *Id.* at 687. Further, the Defendants should have access to a plethora of Plaintiff's employment records, and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with the Rules of Civil Procedure, and obtain any and all documents. There is neither potential prejudice to the Defendants nor a possibility of confusion of identities. Thus, allowing Plaintiff to proceed anonymously will not result in prejudice to the Defendants or in any way interfere with the policy underlying Rule 10 of the Federal Rules of Civil Procedure of apprising the parties of the identity

4

of their opponent. As such, Defendants will suffer no prejudice if Plaintiff is to pursue her claims under the Jane Doe 1 pseudonym. *See Roe*, 253 F.3d at 687.

### D.   **Plaintiff Has Kept Her Identity Confidential**

Further, Plaintiff has taken steps to keep her identity confidential. For example, she has not spoken publicly about the incidents that underly the causes of action.

### E.   **The Public Will Not Be Prejudiced if Plaintiff Proceeds Anonymously**

"[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (holding that Plaintiff suing government was entitled to proceed anonymously). "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Id*. Rather, it would seem that the public has a far greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim. In *EW*, 213 F.R.D. 108, the court held that the privacy rights of a patient who brought suit against a blood bank after receiving a tainted blood transfusion outweighed any First Amendment interest in access to her name. The court noted, "[t]he modern invention of today includes access to court files by those surfing the Internet. The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint." *Id*. at 112-13. In this case, the sensitive and personal nature of Plaintiff's allegations of rape and the likelihood of further psychological injury overcomes any presumption of openness.

### F.   **Allowing Plaintiff to Proceed Anonymously Furthers Public Interest**

The courts favor granting anonymity in these circumstances, as allowing Plaintiff to proceed anonymously furthers the public interest. In *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa.

2001), the plaintiff requested that she be able to procced anonymously.  As here, the plaintiff in *Evans* was a victim of sexual assault.  In considering the public interest, the court determined that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id*. at 176. Plaintiff requests the same consideration here.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just and appropriate.

Dated: January 6, 2022
      New York, New York        Respectfully submitted,

                                            **WIGDOR LLP**

                                            By: _____
                                                Jeanne M. Christensen
                                                Lindsay M. Goldbrum

                                            85 Fifth Avenue
                                            New York, NY  10003
                                            Telephone: (212) 257-6800
                                            Facsimile: (212) 257-6845
                                            jchristensen@wigdorlaw.com
                                            lgoldbrum@wigdorlaw.com

                                            *Counsel for Plaintiff*