Andrew T. Hambelton
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000

Stephanie Gantman Kaplan (*pro hac vice application to be filed*)
Rebecca J. Reist (*pro hac vice application to be filed*)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5500

*Attorneys for Defendant McAdam Financial Group LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JANE DOE 1,<br><br>               Plaintiff,<br><br>  -against-<br><br>MCADAM FINANCIAL GROUP LLC,<br>CHARLES NORFLEET,<br><br>             Defendants. | Case No.: 1:22-cv-00113-AJN-SN |

**DEFENDANT MCADAM FINANCIAL GROUP, LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT,**
**OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ..................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................................ 3

III. ARGUMENT .................................................................................................................. 5

  A.   **This Court Lacks Personal Jurisdiction Over McAdam.** ................................... 5

      1.   **McAdam Is Not Subject to General Jurisdiction in New York.** ..................... 6

      2.   **McAdam Is Not Subject to Specific Jurisdiction in New York.** ..................... 8

  B.   **This Court Should Dismiss Plaintiff's Claims for Improper Venue** ......................... 12

  C.   **Plaintiff's Claims for Discrimination and Retaliation Fail to State A Claim.** .......... 14

      1.   **Plaintiff's Title VII Claims Should Be Dismissed Because She Is Not A Covered Employee.** ........................................................................................ 15

      2.   **Plaintiff Fails to State Claims for Discrimination.** ........................................ 16

          a.   **Plaintiff's NYCHRL and NYSHRL Claims Fail Because She Does Not Allege Discriminatory Conduct Had an Impact in New York.** .............. 16

          b.   **McAdam is Not an "Employer" Under the NYSHRL.** ......................... 17

          c.   **Plaintiff Fails to State a Claim for Sexual Harassment Under Title VII and the NYSHRL** ..................................................................................... 18

          d.   **Plaintiff Fails to State a Title VII and NYSHRL Disparate Treatment Claim.** ................................................................................................... 21

          e.   **Plaintiff Fails to State a Discrimination or Harassment Claim under the NYCHRL** ................................................................................................ 22

      3.   **Plaintiff Fails to State a Claim for Retaliation.** ............................................. 23

          a.   **Plaintiff Fails to State a Claim for Retaliation Under Title VII or the NYSHRL** ............................................................................................... 23

          b.   **Plaintiff's Retaliation Claim Under the NYCHRL Should Be Dismissed.** ................................................................................................................ 24

  D.   **Plaintiff's Negligence Claim Should Be Dismissed for Failure to State a Claim.** ...... 24

IV. CONCLUSION .......................................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andersen v. Rochester City Sch. Dist.*,
   481 F. App'x 628 (2d Cir. 2012) ...................................................................... 20

*Andersen v. Rochester City Sch. Dist.*,
   09-CV-6259, 2011 WL 1458068 (W.D.N.Y. Apr. 15, 2011),
   *aff'd*, 481 F. App'x 628 (2d Cir. 2012) .............................................................. 20

*Andrus v. Corning, Inc.*,
   No. 14-CV-6667-FPG, 2016 WL 5372467 (W.D.N.Y. Sept. 26, 2016) ............................ 19

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................... 15

*Atkinson v. Singh*,
   No. 19-CV-3779 (VSB), 2022 WL 137634 (S.D.N.Y. Jan. 14, 2022) ........................... 22, 23

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................... 15, 18

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007) ............................................................................... 9

*Bimont v. Unilever U.S., Inc.*,
   No. 14-CV-7749 JPO, 2015 WL 5256988 (S.D.N.Y. Sept. 9, 2015) ................................. 15

*Brown v. Lockheed Martin Corp.*,
   814 F.3d 619 (2d Cir. 2016) ............................................................................... 7

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ......................................................................................... 11

*Cantor Fitzgerald, Inc. v. Lutnick*,
   313 F.3d 704 (2d Cir. 2002) ............................................................................... 15

*Chatwal Hotels & Resorts, LLC v. The Dollywood Company*,
   90 F. Supp. 3d 97 (S.D.N.Y. 2015) ....................................................................... 6

*Community for Creative Non-Violence v. Reid*,
   490 U.S. 730 (1989) ......................................................................................... 15

*Corradino v. Liquidnet Holdings Inc.*,
   No. 19 CIV. 10434 (LGS), 2021 WL 2853362 (S.D.N.Y. July 8, 2021) ........................... 23

*Daimler AG v. Bauman*,
　　571 U.S. 117 (2014)............................................................................................6, 7

*Dean v. City of Buffalo*,
　　579 F. Supp. 2d 391 (W.D.N.Y. 2008)................................................................. 25

*Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*,
　　7 N.Y.3d 65 (2006)................................................................................................ 9

*Eisenberg v. Advance Relocation & Storage, Inc.*,
　　237 F.3d 111 (2d Cir. 2000)................................................................................. 15

*Finn v. Great Plains Lending, LLC*,
　　No. 15-CV-4658, 2016 WL 705242 (E.D. Pa. Feb. 23, 2016) .............................. 7

*Garrel v. NYLCare Health Plans, Inc.*,
　　No. 98 CIV. 9077 (BSJ), 1999 WL 459925 (S.D.N.Y. June 29, 1999) ............... 13

*Geer v. Gates Chili Cent. Sch. Dist.*,
　　No. 17-CV-6161L, 2021 WL 6015716 (W.D.N.Y. Dec. 21, 2021)....................... 25

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
　　564 U.S. 915 (2011).............................................................................................. 11

*Gucci Am. v. Bank of China*,
　　768 F.3d 122 (2d Cir. 2014) .................................................................................. 7

*Haughton v. Clinton*,
　　No. 15-CV-1160 (JPO), 2015 WL 9244398 (S.D.N.Y. Dec. 17, 2015).............. 15

*Hoffman v. Parade Publications*,
　　15 N.Y.3d 285 (2010)........................................................................................... 17

*In re Dental Supplies Antitrust Litigation*,
　　No. 16-cv-696 (BMC) (GRB), 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) .... 12

*Ingraham v. Carroll*,
　　90 N.Y.2d 592 (1997)............................................................................................. 8

*Int'l. Shoe Co. v. Washington*,
　　326 U.S. 310 (1945).............................................................................................. 11

*Jin v. Metropolitan Life Ins. Co.*,
　　310 F.3d 84 (2d Cir. 2002)................................................................................... 19

*LaMarca v. Pak-Mor Mfg. Co.*,
　　95 N.Y. 2d 210 (2000).......................................................................................... 10

iii

*Licci ex rel Licci v. Lebanese Canadian Bank, SAL,*
    732 F.3d 161 (2d Cir. 2013) ............................................................................................ 5, 6

*Littlejohn v. City of N.Y.,*
    795 F.3d 297 (2d Cir. 2015) ............................................................................................... 18

*Lopez v. New York City Dep't of Educ.,*
    No. 17-CV-9205 (RA), 2020 WL 4340947 (S.D.N.Y. July 28, 2020) ............................... 22

*MacDermid, Inc. v. Deiter,*
    702 F.3d 725 (2d Cir. 2012) ................................................................................................. 5

*Maiurano v. Cantor Fitzgerald Sec.,*
    No. 19 CIV. 10042 (KPF), 2021 WL 76410 (S.D.N.Y. Jan. 8, 2021) ................................. 18

*Mandell v. Cnty. of Suffolk,*
    316 F.3d 368 (2d Cir. 2003) ............................................................................................... 22

*Martin v. Performance Trans. Inc.,*
    408 F. Supp. 3d 272 (W.D.N.Y. 2019) ............................................................................... 15

*McCracken v. Adams,*
    No. 652606/2015, 2016 WL 1117161 (Sup. Ct. N.Y. Cnty. Mar. 22, 2016) ........................ 8

*McHenry v. Fox News Network LLC,*
    510 F. Supp. 3d 51 (S.D.N.Y. 2020) .................................................................................. 24

*McLeod v. Jewish Guild for the Blind,*
    864 F.3d 154 (2d Cir. 2017) ............................................................................................... 16

*Meyenhofer v. Larsen & Toubro Infotech Ltd.,*
    503 F. Supp. 3d 39 (S.D.N.Y. 2020) ............................................................................. 15, 16

*Mihalik v. Credit Agricole Cheuvreux N. Amer.,*
    715 F.3d 102 (2d Cir. 2013) ........................................................................................... 22, 23

*Miller Inv. Tr. v. Xiangchi Chen,*
    967 F. Supp. 2d 686 (S.D.N.Y. 2013) ............................................................................ 9, 10

*Murray v. New York Univ. Coll. Of Dentistry,*
    57 F.3d 243 (2d Cir. 1995) ................................................................................................. 19

*Patane v. Clark,*
    508 F.3d 106 (2d Cir. 2007) ............................................................................................... 19

iv

*Ramos de Almeida v. Powell*,
  No. 01 CV 11630 (HB), 2002 WL 31834457 (S.D.N.Y. Dec. 16, 2002)........................13, 14

*Rankel v. Kabateck*,
  No. 12 CV 216 VB, 2013 WL 7161687 (S.D.N.Y. Dec. 9, 2013)...................................... 14

*Reliable Automatic Sprinkler Co., Inc. v. Riverside Brass & Aluminum Foundry,
  Ltd.*, 20-CV-10220, 2022 WL 142375 (S.D.N.Y. Jan. 14, 2022) ........................................ 6

*Robles v. Cox & Co.*,
  841 F. Supp. 2d 615 (E.D.N.Y. 2012)........................................................................16, 17

*Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*,
  No. 19-CV-6034 (JPO), 2019 WL 6916099 (S.D.N.Y. Dec. 19, 2019)............................. 17

*Schaper v. Bronx Lebanon Hosp. Ctr.*,
  408 F. Supp. 3d 379 (S.D.N.Y. 2019) .............................................................................. 24

*Sheree Cosms., LLC v. Kylie Cosms., LLC*,
  No. 18-CV-9673 (VEC), 2019 WL 3252752 (S.D.N.Y. July 19, 2019) ............................... 7

*SPV OSUS Ltd. v. UBS AG*,
  114 F. Supp. 3d 161 (S.D.N.Y. 2015) ................................................................................ 5

*SUEZ Water New York Inc. v. E.I. du Pont de Nemours & Co.*,
  No. 20-CV-10731 (LJL), 2022 WL 36489 (S.D.N.Y. Jan. 4, 2022)..................................... 5

*Thackurdeen v. Duke Univ.*,
  130 F. Supp. 3d 792 (S.D.N.Y. 2015), *aff'd,* 660 F. App'x 43 (2d Cir. 2016).................... 10

*Urli v. Town of Hempstead Sanitary Dist. No. 7*,
  No. 20CV0960GRBARL, 2021 WL 4311141 (E.D.N.Y. Sept. 22, 2021)........................... 23

*Vega v. Hempstead Union Free Sch. Dist.*,
  801 F.3d 72 (2d Cir. 2015)....................................................................................21, 22, 23

*Walden v. Fiore*,
  571 U.S. 277 (2014)..........................................................................................................11, 12

*Whipple v. Reed Eye Assocs.*,
  524 F. Supp. 3d 76 (W.D.N.Y. 2021)................................................................................ 20

*Wilderness USA, Inc. v. DeAngelo Bros. LLC*,
  265 F. Supp. 3d 301 (W.D.N.Y. 2017)............................................................................... 8

*Zurich Am. Life Ins. Co. v. Nagel*,
  No. 20-CV-11091 (JSR), 2021 WL 5225947 (S.D.N.Y. Nov. 10, 2021)............................ 18

**Statutes**

28 U.S.C. § 1391(b)(2) ...................................................................................................12, 13

28 U.S.C. § 1404(a) ........................................................................................................ 14

28 U.S.C. § 1406(a) ........................................................................................................ 14

42 U.S.C. § 2000e-3(a) ................................................................................................... 23

42 U.S.C. § 2000e-5(f)(3) .........................................................................................12, 13

N.Y. C.P.L.R. § 301 .....................................................................................................6, 8

N.Y. C.P.L.R. § 302 ..................................................................................................6, 8, 9

N.Y. Exec. Law § 292(5) ............................................................................................... 17

**Other Authorities**

2019 Sess. Law News of N.Y. Ch. 161 (S. 6594) ......................................................... 17

Fed. R. Civ. P. 8 ............................................................................................................. 16

Fed. R. Civ. P. 10 ........................................................................................................... 16

Fed. R. Civ. P. 12(b)(2) ...............................................................................................1, 5

Fed. R. Civ. P. 12(b)(3) .............................................................................................1, 14

Fed. R. Civ. P. 12(b)(6) .............................................................................................1, 14

Defendant McAdam Financial Group, LLC ("McAdam" or the "Company"), through its undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff Jane Doe 1's ("Plaintiff") Complaint against the Company pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

## I.  <u>PRELIMINARY STATEMENT</u>

This action involves an alleged sexual assault of Plaintiff, a former independent contractor of McAdam, by Defendant Charles Norfleet ("Norfleet"), another former independent contractor of McAdam, at his residence in Massachusetts on a weekend night after they consumed alcohol for hours together with others at multiple bars. While such allegations, if true, are serious, it is inescapable that the allegations in the Complaint are insufficient to: (1) confer personal jurisdiction over McAdam in this Court, (2) support venue in this Court as all of the alleged conduct happened in Massachusetts, not New York, and neither McAdam nor Norfleet resides in New York, and (3) state a claim against McAdam upon which relief can be granted.

Plaintiff asserts seven causes of action against McAdam: (1) claims for discrimination and retaliation under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") (First through Sixth Causes of Action); and (2) a claim for negligence (Ninth Cause of Action).[1] Plaintiff's claims against McAdam should be dismissed in their entirety for multiple independent reasons. As an initial matter, the facts as alleged in the Complaint do not establish that this Court has personal jurisdiction over McAdam, nor that venue is proper. Indeed, the only possible basis for filing this action in this District is an attempt to forum shop for the convenience of Plaintiff, who now alleged resides in New York, and/or her counsel. Even if the Court finds Plaintiff's Complaint survives these threshold defects,

---

[1] The Seventh, Eighth, Tenth, Eleventh, and Twelfth Causes of Action in the Complaint are not brought against McAdam.

Plaintiff fails to state a claim upon which relief can be granted for, at least, the following reasons, as discussed in greater detail below:

- Plaintiff has not alleged sufficient facts to establish that she was an employee of McAdam as required under Title VII, which warrants dismissal of her First and Second Causes of Action;

- Plaintiff's Third, Fourth, Fifth, and Sixth Causes of Action under the NYCHRL and NYSHRL fail because Plaintiff does not allege the purported discriminatory conduct had an impact in New York City or New York State;

- Plaintiff's NYSHRL claims in her Third and Fourth Causes of Action fail because McAdam is not an "employer" under the statute;

- Plaintiff's quid pro quo sexual harassment claims in her First, Third, and Fifth Causes of Action fail because Plaintiff did not report to Norfleet, nor did he have any power or control to influence personnel decisions or alter terms and conditions of anyone's, including Plaintiff's, alleged employment;

- Plaintiff's hostile work environment claims in her First, Third, and Fifth Causes of Action fail because Norfleet's conduct cannot be imputed to McAdam, as there is no nexus between Plaintiff's claim of sexual assault and the workplace and Plaintiff does not allege that her work with McAdam was altered as a result of the alleged wrongdoing;

- Plaintiff has failed to state claims for discrimination in her First, Third, and Fifth Causes of Action because Plaintiff has alleged no facts that she was subjected to disparate treatment because of her gender, has offered no comparators who were similarly situated and treated differently, and has not alleged any adverse employment action was taken against her;

- Plaintiff's retaliation claims in her Second, Fourth, and Sixth Causes of Action fail because she did not allege that an adverse action was taken against her and has not alleged an occurrence that was reasonably likely to deter her from engaging in protected activity; and

- Finally, Plaintiff failed to allege sufficient facts to support a negligence claim in her Ninth Cause of Action against McAdam because there are no allegations to suggest that Norfleet was a McAdam employee, McAdam did not know, nor should have known, of any propensity for the alleged conduct that caused Plaintiff's alleged injury, and the alleged conduct did not occur on McAdam's premises.

Despite the conclusory and inflammatory statements in the Complaint, Plaintiff's legal claims against McAdam are not supported by any well-pleaded factual allegations, and thus the Complaint should be dismissed in its entirety as to McAdam.

## II.   STATEMENT OF FACTS

McAdam is an insurance agency that sells fixed annuities and fixed insurance through a network of independent contractors. (*See*, McAdam Declaration ("Decl."), *Id.* ¶ 9.) McAdam is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Philadelphia, Pennsylvania. (*Id.* ¶ 3.) McAdam is *not* incorporated in New York and has *no* New York offices. (*Id.* ¶¶ 4-5.) What is more, McAdam does not own, use, or possess any real property in New York. (*Id.* ¶ 6.) McAdam only has offices in Philadelphia, Pennsylvania; Boston, Massachusetts; Tysons Corner, Virginia; and Chicago, Illinois. (*Id.* ¶ 4.) McAdam does not have any members of the LLC that reside in New York. (*Id.* ¶ 7.) Further, no McAdam employees work in New York, and McAdam has only one independent contractor performing services from New York. (*Id.* ¶ 8.) The sole New York contractor is not named or otherwise involved in any allegation in Plaintiff's Complaint, and in 2021, less than 0.01% of McAdam's revenue was sourced from clients in New York. (*Id.*)

Plaintiff is a former independent contractor of McAdam who provided services as a Producer, specifically selling fixed annuities and fixed insurance to her clients. (*Id.* ¶ 10.) Plaintiff was engaged for this work through McAdam's Boston, Massachusetts office. (*Id.* ¶ 11.) Producers are required to maintain licenses specific to different products they sell. (*Id.* ¶ 12.) Producers selling fixed insurance and fixed annuities must obtain state-specific licenses. (*Id.* ¶ 13.) Plaintiff obtained the necessary licenses to sell fixed insurance and fixed annuities and never represented to McAdam that she was licensed to perform services in New York. (*Id.* ¶ 14.)

Plaintiff worked remotely under her contract with McAdam. (*Id.* ¶ 15.) Plaintiff's own W-9 submitted to McAdam at the beginning of her brief relationship with the Company lists her residence as New Hampshire. (*See id.*; Decl., Exhibit A, Plaintiff's W-9.) During her contract with McAdam, Plaintiff provided quarterly affirmations as part of her licensing and reporting requirements confirming that she continued to reside in New Hampshire. (Decl., ¶ 15; Decl., Exhibit B, Plaintiff's Affirmations of New Hampshire Residence.) Plaintiff did *not* at any time during her contract disclose to McAdam that she resided in any state other than New Hampshire, nor did she provide McAdam with an affirmation indicating she resided outside New Hampshire. (Decl., ¶¶ 16, 17.) In 2021, Plaintiff affirmed on two occasions that she did not move or change her home address in the previous quarter from New Hampshire: first on April 1, 2021, and then again on July 6, 2021. (*Id.* ¶ 15; Decl., Ex. B.)

In her Complaint, Plaintiff alleges that she began work for McAdam in or around June 2020. (Dkt. No. 6 ("Compl."), ¶ 34.) Plaintiff claims she reported to Aaron Swenson. (*Id.* ¶ 36.) Like Plaintiff, Mr. Swenson contracted to work for McAdam out of its Boston, Massachusetts office. (Decl., ¶¶ 8, 11.) Plaintiff alleges that Norfleet was a "Lead Senior Manager" (Compl., ¶ 37), but makes no allegation that he had any authority or control over personnel decisions, such as hiring, firing, or determining any other condition of her relationship with McAdam.

On June 25, 2021, Plaintiff alleges she traveled to Boston, Massachusetts to attend an outing with others who performed work for McAdam. (*Id.* ¶ 64.) She claims that the group went to at least two bars where she proceeded to get intoxicated. (*Id.* ¶¶ 65-67.) Plaintiff alleges that she and Norfleet were kissing at one of the bars, and later left together. (*Id.* ¶¶ 68-72.) Plaintiff claims that she was subsequently sexually assaulted at Norfleet's residence in Boston, Massachusetts. (*Id.* ¶¶ 73-78.)

Plaintiff reported the alleged assault to Mr. Swenson on June 29, 2021. (*Id.* ¶ 85.) Plaintiff alleges that on July 12, 2021, less than two weeks after she raised an issue, she was advised by McAdam that Norfleet was no longer affiliated with the Company. (*Id.* ¶ 109.) Plaintiff subsequently resigned from McAdam. (*Id.* ¶ 117.) Plaintiff first filed her Complaint in this action on January 6, 2022 in the Southern District of New York. (*See* Dkt. 1.)

## III.   ARGUMENT

### A.   This Court Lacks Personal Jurisdiction Over McAdam.

Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over McAdam. "A court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdiction question and must dismiss the action against a defendant if it concludes it does not have personal jurisdiction over that defendant." *SUEZ Water New York Inc. v. E.I. du Pont de Nemours & Co.*, No. 20-CV-10731 (LJL), 2022 WL 36489, at *5 (S.D.N.Y. Jan. 4, 2022) (internal quotations and citation omitted). On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over each defendant. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012).

In order to survive a motion to dismiss for lack of personal jurisdiction, a complaint "must make a *prima facie* showing that jurisdiction exists." *Licci ex rel Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013). In reviewing a Rule 12(b)(2) motion, "a court may consider documents beyond the pleadings in determining whether personal jurisdiction exists." *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 167 (S.D.N.Y. 2015). "Although ambiguities in the pleading should be resolved in the plaintiff's favor, conclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a *prima facie* showing of jurisdiction." *Id.* (internal quotations and citations omitted).

Federal courts determining personal jurisdiction over a foreign defendant engage in a two-step inquiry. *Licci*, 732 F.3d at 168. First, the court looks to the law of the forum state, here New York, to determine if personal jurisdiction is proper. *Id.* Second, the court must determine whether its exercise of jurisdiction over the foreign defendant comports with the Due Process Clause of the United States Constitution. *Id.*

New York recognizes two types of personal jurisdiction, general and specific. *See Chatwal Hotels & Resorts, LLC v. The Dollywood Company*, 90 F. Supp. 3d 97, 103 (S.D.N.Y. 2015) ("In New York, there are two ways to establish personal jurisdiction over a defendant: (1) 'general jurisdiction' under N.Y. C.P.L.R. § 301; and (2) 'specific jurisdiction' under N.Y. C.P.L.R. § 302."). Here, as explained below, Plaintiff has failed to allege any basis or facts whatsoever for asserting either general or specific jurisdiction under New York law over McAdam, and none exists. Accordingly, the Complaint should be dismissed as to McAdam for lack of personal jurisdiction.

### 1.     McAdam Is Not Subject to General Jurisdiction in New York.

Plaintiff makes no allegations whatsoever that McAdam is subject to general jurisdiction in New York pursuant to CPLR § 301. The Complaint should be dismissed as to McAdam on this basis alone.

Even if the Court ignores Plaintiff's failure to allege any facts to support the exercise of personal jurisdiction over McAdam, dismissal is still warranted. It is well settled that general jurisdiction lies only when an "entity's contacts with New York are so continuous and systematic as to render it essentially at home in the forum State." *Reliable Automatic Sprinkler Co., Inc. v. Riverside Brass & Aluminum Foundry, Ltd.*, 20-CV-10220, 2022 WL 142375, at *4 (S.D.N.Y. Jan. 14, 2022) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)). For an entity like McAdam, general jurisdiction is typically available *only* in the forum in which it is incorporated

6

and the forum in which its principal place of business is located.  *See Gucci Am. v. Bank of China*, 768 F.3d 122, 135 (2d Cir. 2014) (citing *Daimler*, 571 U.S. at 139, n.19). The fact that an entity does business in a state, even "substantial, continuous, and systematic" business, is not necessarily enough to subject it to general jurisdiction in the state.  *See Daimler*, 571 U.S. at 137-38.  Only in an "exceptional case" does an entity have "operations in a forum other than its formal place of incorporation or principal place of business" that are "so substantial and of such a nature as to render the corporation at home in that State."  *Id.* at 139 n.19; *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[I]n our view *Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business[.]"); *Sheree Cosms., LLC v. Kylie Cosms., LLC*, No. 18-CV-9673 (VEC), 2019 WL 3252752, at *2 (S.D.N.Y. July 19, 2019) (same) (citing *Finn v. Great Plains Lending, LLC*, No. 15-CV-4658, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016) ("While [Defendant] is an LLC and not a corporation, the reasoning of *Daimler* applies with equal force.")).

Here, there is no basis to exercise general personal jurisdiction over McAdam.  McAdam is not domiciled or incorporated in New York. (Compl., ¶ 22; Decl., ¶ 5.)  Indeed, McAdam does not even have an office in New York. (Compl., ¶ 22, Decl., ¶ 4.)  Rather, McAdam is a Delaware limited liability corporation with offices in Pennsylvania, Virginia, Illinois, and, of course, the Massachusetts office where Plaintiff was retained. (Compl., ¶ 22; Decl., ¶¶ 3, 4, 11.)  McAdam's principal place of business is in Pennsylvania, not in New York, McAdam does not have any members of the LLC that reside in New York.  (Decl., ¶¶ 3, 7.)

The Complaint's sole reference connecting McAdam to New York is that the Company registered as a foreign limited liability company with the New York Department of State.  (Compl.,

¶ 22.)  This allegation alone is not enough to confer personal jurisdiction over McAdam.  *See Wilderness USA, Inc. v. DeAngelo Bros. LLC*, 265 F. Supp. 3d 301, 313-14 (W.D.N.Y. 2017) (holding that general personal jurisdiction could not be based on foreign limited liability corporation's registration with the state).

Accordingly, there is no basis to exercise general personal jurisdiction under CPLR § 301 over McAdam.

### 2.    McAdam Is Not Subject to Specific Jurisdiction in New York.

To exercise specific personal jurisdiction over McAdam as a foreign LLC, Plaintiff must establish that jurisdiction is permissible under New York's long-arm statute (CPLR § 302) and that the exercise of jurisdiction comports with due process.  CPLR § 302 only provides for personal jurisdiction over a non-domiciliary in four (4) limited circumstances:

- CPLR § 302(a)(1) – which provides for jurisdiction over a defendant who transacts business within the state or contracts to provide services within the state, if the cause of action arises out of such conduct by the defendant.

- CPLR § 302(a)(2) – which provides for jurisdiction over a defendant who commits a tortious act while physically *in New York*.  *See McCracken v. Adams*, No. 652606/2015, 2016 WL 1117161, at *2 (Sup. Ct. N.Y. Cnty. Mar. 22, 2016) ("CPLR 302(a)(2) has been narrowly construed to apply only when the defendant's wrongful conduct is performed in New York.").

- CPLR § 302(a)(3) – which provides for jurisdiction over a defendant who "commits a tortious act without the state causing injury to person or property within the state." But § 302(a)(3) can only serve as the basis for jurisdiction if the non-domiciliary (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.  CPLR 302(a)(3); *Ingraham v. Carroll*, 90 N.Y.2d 592 (1997).

- CPLR § 302(a)(4) – which provides for jurisdiction over a defendant who owns, uses or possess real property within New York.

Here, Plaintiff has made no attempt to allege which provision of CPLR § 302 she believes confers jurisdiction over McAdam.   The fact is, the Court can easily dispose of: (1) CPLR § 302(a)(2) because there are no allegations that McAdam committed any tort while physically present in New York; and (2) CPLR § 302(a)(4) because McAdam does not own, use or possess real property in New York (*see* Decl., ¶ 6).

New York courts evaluating specific jurisdiction under CPLR § 302(a)(1) must decide (1) whether the defendant "transacts any business" in New York and, if so, (2) whether this cause of action "arise[es] from" such a business transaction.  *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (citing *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006)).   Here, the Complaint makes no allegations that McAdam "transacts any business" in New York.   Indeed, McAdam has no employees in New York, and in 2021 less than 0.01% of Company revenue was sourced from clients in New York.   (*See* Decl., ¶ 8.)   Even so, Plaintiff also does not allege that any of her causes of action arose out of McAdam's transaction of business in New York. "A cause of action is considered to arise out of a defendant's transaction of business if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York."   *Miller Inv. Tr. v. Xiangchi Chen*, 967 F. Supp. 2d 686, 692 (S.D.N.Y. 2013) (internal quotations and citations omitted).   There are no allegations in the Complaint of the existence of a nexus or a relationship between any of the asserted claims and any of McAdam's alleged transaction of business in New York.

To make a *prima facie* case that a defendant is subject to jurisdiction under CPLR § 302(a)(3), the plaintiff's allegations must satisfy five elements: (1) the defendant committed a tortious act outside the state; (2) the cause of action arises from that act; (3) the act caused injury to a person or property within the state; (4) the defendant expected or should have reasonably have

expected the act to have consequences in the state; and (5) the defendant derived substantial revenue from interstate or international commerce. *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y. 2d 210, 214 (2000).

Plaintiff's allegations here do not satisfy the five elements. McAdam did not commit a tortious act outside the state. Plaintiff brings one tortious cause of action against McAdam in her Ninth Cause of Action where she alleges negligence. As discussed below, McAdam did not commit this alleged tortious act. McAdam's alleged actions also did not cause injury to a person or property within New York. "To determine whether a tortious act caused injury in New York, courts apply the situs-of-the-injury test, which asks where the original event which caused the injury occurred." *Miller*, 967 F. Supp. 2d at 695. "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 806 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016). Here, the "original event" that Plaintiff claims caused her alleged injury occurred in Massachusetts when she was allegedly assaulted. Moreover, McAdam had no reason to expect, nor should it have had reason to expect, that any of its actions would have consequences in New York. It has no New York office, and Plaintiff contracted to perform work for McAdam out of its Boston office while she lived in New Hampshire. (Decl., ¶¶ 4, 6, 11.)

The Complaint also alleges no basis for the exercise of specific personal jurisdiction over McAdam. The only connection with New York in this case is that Plaintiff now resides in New York. (*See* Compl., ¶ 21.) The Complaint is devoid of any allegations whatsoever regarding any suit-related activities by McAdam in New York. As noted above, Plaintiff was contracted to work with McAdam out of its Massachusetts office and the alleged incident at the center of Plaintiff's

claims occurred in Boston.  (*See* Decl., ¶ 11; Compl., ¶¶ 63-81.)  Plaintiff makes no allegation that she performed any work for McAdam under her contracts in New York, and Plaintiff's own W-9 submitted to McAdam at the beginning of her brief contract with the Company lists a New Hampshire address.  (*See* Decl., ¶ 15; Decl., Ex. A.)  Plaintiff has not alleged she conducted work for McAdam while in New York.  Since submitting her residence to McAdam at the beginning of her contracts, she affirmed that her residence remained in New Hampshire on a quarterly basis in support of her state-based licenses.  (*See* Decl., ¶ 15; Decl., Ex. B.)  In 2021, Plaintiff affirmed on two occasions that she did not move or change her home address in the previous quarter from New Hampshire: first on April 1, 2021, and then again on July 6, 2021.  (*Id.*)  Indeed, the Complaint makes no reference to activities in (or even directed to) this forum by McAdam.  The absence of these essential allegations is, by itself, fatal to the exercise of specific personal jurisdiction in this case.

In addition to failing to satisfy any of the potential bases for the exercise of long-arm jurisdiction under CPLR § 302, the exercise of jurisdiction over McAdam would not comport with due process.  Specific jurisdiction depends on in-state activity that "*gave rise to the episode-in-suit.*"  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945) (emphasis in original)).  The due process analysis for the exercise of specific jurisdiction "focuses on the relationship among the defendant, the forum and the litigation."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotations and citations omitted).  Specific jurisdiction "must arise out of contacts that the 'defendant *himself*' creates with the forum."  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  Moreover, "the plaintiff cannot be the only link between the defendant and the forum, [r]ather, it is the defendant's conduct that must form the necessary connection with the forum state that is the

basis for its jurisdiction over him." *Id.* at 285. As the Supreme Court recognized in *Walden*, the focus must be on the defendant's conduct in relation to the forum and "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290. For jurisdictional purposes, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* To properly invoke specific personal jurisdiction, the "suit-related conduct" must tie the defendant to the jurisdiction and "not just to a plaintiff that happens to reside in New York." *In re Dental Supplies Antitrust Litigation*, No. 16-cv-696 (BMC) (GRB), 2017 WL 4217115, at *8 (E.D.N.Y. Sept. 20, 2017). For the reasons set forth above, McAdam's conduct did not tie it to this District and the exercise of jurisdiction over McAdam would not comport with due process.

Accordingly, the exercise of specific jurisdiction of McAdam is improper under New York's long-arm statute and would violate the Due Process clause of the U.S. Constitution. As a result, Plaintiff's Complaint should be dismissed as against McAdam for lack of personal jurisdiction.

**B.      This Court Should Dismiss Plaintiff's Claims for Improper Venue.**

Venue for Plaintiff's Title VII claims (First and Second Causes of Action) is not proper in this Court under Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), and venue for her remaining claims is not proper in this Court under 28 U.S.C. § 1391(b)(2). Specifically, venue for Plaintiff's Title VII claims is proper in the judicial district in which: (1) the unlawful employment practice is alleged to have been committed; (2) the employment records relevant to such practice are maintained and administered; or (3) the aggrieved person would have worked but for the

alleged unlawful employment practice.[2]  42 U.S.C. § 2000e-5(f)(3).[3]  Under 28 U.S.C. § 1391(b)(2), which Plaintiff alleges as the basis for venue in this Court, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff has not and cannot meet either standard.

Here, Plaintiff does not even attempt to satisfy the venue requirements under 42 U.S.C. § 2000e-5(f)(3), applicable to her Title VII claims.  Instead, Plaintiff, in conclusory fashion, alleges that venue in this Court is proper under 28 U.S.C. § 1391(b)(2).  (*See* Compl., ¶ 20.)  Contrary to Plaintiff's conclusory statement that venue is proper in this District, the Complaint does not allege sufficient facts that any unlawful employment practice was committed in this District, that a substantial part of the events giving rise to her claims occurred in this District,  nor that any of McAdam's records are maintained and administered in this District.  Plaintiff also does not allege that she performed work for McAdam in New York under her contracts, as she was contracted to work for McAdam out of its Massachusetts office while residing in New Hampshire.  (*See* Decl., ¶ 11; Decl., Ex. A; Decl., Ex. B.)  Moreover, as conceded in the Complaint, the events giving rise to Plaintiff's claims all took place in Massachusetts.  (*See* Compl., ¶¶ 63-81.)  Plaintiff's current residence in New York alone is not sufficient to support proper venue in this District.  *See Ramos de Almeida v. Powell*, No. 01 CV 11630 (HB), 2002 WL 31834457, at *2 (S.D.N.Y. Dec. 16,

---

[2]    Title VII's third statutory factor that relates to where the plaintiff would have worked but for the alleged discrimination, *see* 42 U.S.C. § 2000e-5(f)(3), "is not applicable to the claim advanced here" because it applies only "where the plaintiff alleges a discriminatory failure to hire," *Garrel v. NYLCare Health Plans, Inc.*, No. 98 CIV. 9077 (BSJ), 1999 WL 459925, at *3, n.1 (S.D.N.Y. June 29, 1999).  Nevertheless, even if it was applicable in this matter, Plaintiff would not have performed work for McAdam in New York but for the alleged discrimination.

[3]    The statute states that if the respondent is not found within any district that satisfies one of the three criteria for venue, "such action may be brought within the judicial district in which the respondent has his principal office." *See* 42 U.S.C. § 2000e-5(f)(3). Here, McAdam may be found in the District of Massachusetts, where an "unlawful employment practice is alleged to have been committed."  Furthermore, McAdam is headquartered and has its "principal office" in Pennsylvania.

13

2002) ("Because Title VII's specific venue provisions limit venue to judicial districts that have connection with the alleged discrimination, plaintiff cannot simply prevail by pointing to the fact that she is a New York resident."); *Rankel v. Kabateck*, No. 12 CV 216 VB, 2013 WL 7161687, at *7 (S.D.N.Y. Dec. 9, 2013) ("[T]he mere fact of plaintiff's New York residence does not render venue proper in the Southern District of New York.").   Therefore, Plaintiff's Complaint should be dismissed for improper venue.

Alternatively, this action should be transferred to the District of Massachusetts where venue would be proper.  *See* 28 U.S.C. § 1406(a) ("[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Moreover, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  This case involves Plaintiff's allegations that she was sexually assaulted in Boston by a Massachusetts resident and Plaintiff was contracted to work for McAdam out of its Massachusetts office.  Plaintiff could, and should, have brought this matter in the District of Massachusetts, and her attempt otherwise can only be construed as forum shopping for the convenience of her and her counsel. Thus, should the claims against McAdam not be dismissed, this action should be transferred to the District of Massachusetts.

**C.      Plaintiff's Claims for Discrimination and Retaliation Fail to State A Claim.**

Even if this Court finds it has personal jurisdiction over McAdam and venue is proper in this District, Plaintiff's First through Sixth Causes of Action under Title VII, NYSHRL, and the NYCHRL fail to state a claim under Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must plead sufficient factual allegations 'to state a claim to relief

14

that is plausible on its face.'" *Bimont v. Unilever U.S., Inc.*, No. 14-CV-7749 JPO, 2015 WL 5256988, at *1 (S.D.N.Y. Sept. 9, 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 12(b)(6), dismissal is warranted if a complaint lacks "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Haughton v. Clinton*, No. 15-CV-1160 (JPO), 2015 WL 9244398, at *1 (S.D.N.Y. Dec. 17, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In making this determination, a court "give[s] no credence to plaintiff's conclusory allegations." *Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002).

### 1. Plaintiff's Title VII Claims Should Be Dismissed Because She Is Not A Covered Employee.

Plaintiff's Title VII claims fail because she is not covered by the statute, as Title VII only covers employees, not independent contractors such as Plaintiff. *See Martin v. Performance Trans. Inc.*, 408 F. Supp. 3d 272, 275 (W.D.N.Y. 2019) (quoting *Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000)). Determining whether a person is an employee under Title VII requires the application of common law agency as set forth in the 13-factor test established by the Supreme Court in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989).[4] *Meyenhofer v. Larsen & Toubro Infotech Ltd.*, 503 F. Supp. 3d 39, 46 (S.D.N.Y. 2020).

Here, Plaintiff has not alleged sufficient facts to establish she was a McAdam employee. She does not allege that McAdam controlled the "manner and means" in which she worked, that McAdam assigned her tasks or controlled her responsibilities, that she reported to any McAdam

---

[4] These factors include: "[1] the hiring party's right to control the manner and means by which the product is accomplished ... [;][2] the skill required; [3] the source of the instrumentalities and tools; [4] the location of the work; [5] the duration of the relationship between the parties; [6] whether the hiring party has the right to assign additional projects to the hired party; [7] the extent of the hired party's discretion over when and how long to work; [8] the method of payment; [9] the hired party's role in hiring and paying assistants; [10] whether the work is part of the regular business of the hiring party; [11] whether the hiring party is in business; [12] the provision of employee benefits; and [13] the tax treatment of the hired party." *Id.* at 751-52.

15

managers who oversaw her day-to-day work, that McAdam set and tracked her hours, or that she worked at a McAdam office. As such, Plaintiff has not provided sufficient facts to plausibly allege that McAdam was her employer for purposes of Title VII. *See id.* at 47-48 (finding only when plaintiff alleged his employer assigned him tasks and controlled his responsibilities, he reported to employer managers who oversaw his daily work, his employer set and tracked his hours, and he worked in part at the employer's offices did he allege sufficient facts to support that he was an employee under Title VII).

### 2.   Plaintiff Fails to State Claims for Discrimination.

For the reasons below, Plaintiff has failed to adequately allege claims under the NYCHRL, the NYSHRL, and Title VII.[5]

#### a.   Plaintiff's NYCHRL and NYSHRL Claims Fail Because She Does Not Allege Discriminatory Conduct Had an Impact in New York.

Plaintiff was contracted to perform work for McAdam out of its Boston, Massachusetts office while living in New Hampshire. The NYSHRL and the NYCHRL afford protections only to plaintiffs who can "plead and prove that the alleged discriminatory conduct had an impact within the state and city respectively." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 (2d Cir. 2017) (internal quotations and citation omitted). Further, to state a claim under the NYCHRL, a plaintiff must allege that the defendant discriminated against her "within the boundaries of New York City." *Robles v. Cox & Co.*, 841 F. Supp. 2d 615, 623 (E.D.N.Y. 2012). "To determine the

---

[5]   Plaintiff makes singular claims under Title VII, the NYSHRL, and the NYCHRL alleging discrimination. (*See* Compl., First, Third, and Fifth Causes of Action.) Each of Plaintiff's Causes of Action related to discrimination contain the same, identical allegation: "Defendants have discriminated against Plaintiff on the basis of her gender in violation of [Title VII, the NYSHRL, the NYCHRL] by subjecting Plaintiff to disparate treatment based upon her gender including, but not limited to, subjecting her to sexual assault, harassment, quid pro quo and hostile work environment discrimination." (*See id.*, ¶¶ 121, 131, 139.) A plain reading of these allegations suggests that Plaintiff is making claims for disparate treatment discrimination based on her gender because she was subjected to sexual assault, harassment, and quid pro quo and hostile work environment harassment. Her allegation does not make separate claims for quid pro quo harassment or hostile work environment discrimination. Nevertheless, McAdam will address each of these claims as if Plaintiff pleaded them properly under Federal Rules of Civil Procedure 8 and 10.

location of the discrimination under the NYCHRL, courts look to the location of the impact of the offensive conduct." *Id.* Plaintiff's claims that she *now* resides in New York City "is irrelevant to the impact analysis, which confines the protections of the NYCHRL to those who are meant to be protected – those who *work* in the city[,]" *id.* (quoting *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 290-91 (2010) (emphasis in original)). Where the alleged discriminatory conduct occurs outside the geographical bounds of New York City, courts have found the impact requirement is satisfied if the plaintiff alleges that the conduct affected the terms and conditions of employment within the city. *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*, No. 19-CV-6034 (JPO), 2019 WL 6916099, at *4 (S.D.N.Y. Dec. 19, 2019).

Plaintiff cannot meet these standards. The alleged misconduct occurred in Massachusetts; Plaintiff must allege that it impacted employment in New York. However, Plaintiff did not contract with McAdam to work in New York State or City, nor is there a single allegation in the Complaint that she performed work for McAdam in New York. As a result, there are no allegations in the Complaint that connect Plaintiff's claims to any alleged employment within New York. For this reason, her NYCHRL and NYSHRL claims must be dismissed.

### b. McAdam is Not an "Employer" Under the NYSHRL.

In addition, Plaintiff's NYSHRL claim fails to state a claim upon which relief can be granted for the independent reason that the statute does not apply to McAdam as it is not an "employer" under the law. The NYSHRL defines an employer as "all employers within the state." N.Y. Exec. Law § 292(5).[6] As discussed above, and as alleged in the Complaint, McAdam is not an employer within the state of New York. (*See* Compl., ¶ 22 ("[McAdam] is a financial advisor

---

[6]   New York State amended Executive Law § 292(5) to state that the definition of an employer "shall include all employers within the state." *See* 2019 Sess. Law News of N.Y. Ch. 161 (S. 6594). The amendment went into effect February 8, 2020.

with offices in Philadelphia, Pennsylvania, Tysons Corner, Virginia, Chicago, Illinois and Boston, Massachusetts. [McAdam] was formed and exists under the laws of Delaware[.]").) Plaintiff's conclusory statement that "[McAdam] met the definition of 'employer' and/or 'covered employer' under all relevant statutes" (*Id.*) is a "formulaic recitation . . . not sufficient to survive a motion to dismiss[,]" *Zurich Am. Life Ins. Co. v. Nagel*, No. 20-CV-11091 (JSR), 2021 WL 5225947, at *10 (S.D.N.Y. Nov. 10, 2021) (citing *Twombly*, 550 U.S. at 557).

### c. Plaintiff Fails to State a Claim for Sexual Harassment Under Title VII and the NYSHRL.

Plaintiff's inartful pleading lists various causes of action involving sexual harassment regarding a discrimination claim without any specific facts in support of such harassment claims. (*See* Compl., ¶¶ 121, 131, 139.) Nevertheless, McAdam will address the two types of harassment claims briefly mentioned, both of which fail to state a claim for which relief can be granted.

Under Title VII and the NYSHRL, discrimination based on sexual harassment can be pleaded in two ways: (1) a quid pro quo harassment claim, which requires pleading that a plaintiff was subject to unwelcome sexual conduct, and that her reaction to the conduct was used as a basis for decisions affecting her terms and conditions of employment, *Maiurano v. Cantor Fitzgerald Sec.*, No. 19 CIV. 10042 (KPF), 2021 WL 76410, at *6 (S.D.N.Y. Jan. 8, 2021), and (2) a hostile work environment claim, which requires pleading "that the workplace is permeated with discriminatory intimidation, ridicule, and insure that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[,]" *Littlejohn v. City of N.Y.*, 795 F.3d 297, 320-21 (2d Cir. 2015).

First, Plaintiff has not alleged sufficient facts to support a quid pro quo harassment claim. "[T]he quid pro quo harasser, by definition, wields the employer's authority to alter the terms and conditions of employment – either actually or apparently[.]" *Maiurano*, 2021 WL 76410, at *6;

*Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 96 (2d Cir. 2002).  Plaintiff did not report to Norfleet (*see* Compl., ¶ 36), nor is it alleged that he had any power or control to influence personnel decisions or alters terms and conditions of anyone's, including Plaintiff's, alleged employment. Thus her quid pro quo claim fails.

Second, Plaintiff also does not sufficiently plead discrimination based on hostile work environment.  To avoid dismissal of a hostile work environment claim, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex.  *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).

As an initial matter, Plaintiff's Complaint should be dismissed because McAdam is not liable for the alleged conduct of its former contractor Norfleet, who at no time managed Plaintiff. Plaintiff did not report to Norfleet (*see* Compl., ¶ 36) and there are no allegations that he had any authority to effect a significant change in Plaintiff's status, such as retaining or promoting her, terminating her contract, reassigning her work or altering her benefits (which did not exist as she was a contractor).  As such, McAdam is not responsible for alleged wrongdoing by Norfleet if it took prompt remedial action in response to Plaintiff's complaints.  *See Andrus v. Corning, Inc.*, No. 14-CV-6667-FPG, 2016 WL 5372467, at *5 (W.D.N.Y. Sept. 26, 2016) (citing *Murray v. New York Univ. Coll. Of Dentistry*, 57 F.3d 243, 249 (2d Cir. 1995)).  Here, Plaintiff alleges that she disclosed the alleged assault to McAdam and spoke with management, and less than two weeks later, "McAdam called [Plaintiff] and said that Norfleet is no longer affiliated with the Company." (Compl., ¶¶ 85, 109.)  Thus, the Complaint details how McAdam took prompt remedial action in

response to Plaintiff's complaint that culminated in the termination of Norfleet's contracts with McAdam, warranting dismissal of Plaintiff's claim on this basis alone.

However, even if this were not the case, any claim by Plaintiff for a hostile work environment fails for the independent reason that there is no nexus between Plaintiff's claim of sexual assault and the workplace. "Conduct wholly outside of the workplace has been held insufficient to form the basis of a hostile work environment claim." *Whipple v. Reed Eye Assocs.*, 524 F. Supp. 3d 76, 90 (W.D.N.Y. 2021). Rather, the conduct must, in some material sense, concern and affect the workplace. *See Andersen v. Rochester City Sch. Dist.*, 481 F. App'x 628, 630 (2d Cir. 2012) (finding that while presence of student in school building who purportedly harassed teacher outside of school "may have been distressing" to the teacher, "no reasonable jury could find that his entirely out-of-school conduct had the effect of permeating [the teacher's] workplace"). "[T]he conduct of a [harasser] outside of school [or the workplace] is relevant only to the extent that the conduct actually creates a hostile *work environment.* The conduct of the [harasser] outside of school [or the workplace] must be so egregious that it actually alters the conditions of the *school* [or work] *environment.*" *Andersen v. Rochester City Sch. Dist.*, 09-CV-6259, 2011 WL 1458068, at *5 (W.D.N.Y. Apr. 15, 2011), *aff'd*, 481 F. App'x 628 (2d Cir. 2012) (emphasis in original).

In this case, Plaintiff alleges a single incident occurred at a fellow contractor's residence in the early hours of the weekend morning after a long night of drinking alcohol together at various bars with others. This incident with Norfleet did not just occur outside of McAdam's physical office, but it also occurred well outside working hours and when work interactions would take place. While Plaintiff alleges that Mr. Swenson organized the outing preceding the alleged assault, she does not claim McAdam did, nor that McAdam paid for the event. (*See* Compl., ¶ 64.)

20

Therefore, the conduct alleged to have occurred at Norfleet's residence cannot be the basis for Plaintiff's hostile *work environment* claim.

Plaintiff's other scant allegations regarding her claims are also woefully insufficient. The section of the Complaint that purports to describe an alleged "Hostile Work Environment" (Compl., ¶¶ 40-62) contains allegations that female employees talked about Norfleet's allegedly inappropriate behavior (*Id.* ¶ 42) and that he was "creepy" (*Id.* ¶ 43), and describes "banter" about females' appearances between men who performed work for McAdam (*Id.* ¶ 49). Plaintiff makes only one allegation regarding a specific comment to support her hostile work environment claim: a Financial Advisor allegedly responded to a woman's comment during a meeting that she "would do anything" for something with "Oh, you would do ***anything*** for [that]?" (*Id.* ¶ 58.) Not only is this comment not allegedly made towards Plaintiff, but she does not even allege that she heard the alleged comment. Regarding her work environment after Norfleet's contract was terminated, Plaintiff merely alleges that she "believed" some employees blamed her for Norfleet's departure from the Company. Plaintiff does not allege, however, that her work with McAdam was altered in any way by these instances. As such, Plaintiff has also not successfully pleaded a hostile work environment claim based on this alleged conduct.

### d. Plaintiff Fails to State a Title VII and NYSHRL Disparate Treatment Claim.

Plaintiff's Title VII and NYSHRL claims for disparate treatment should be dismissed. "[T]o defeat a motion to dismiss . . . in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The "ultimate issue in an employment discrimination case is whether the plaintiff has met her burden of proving that the adverse

employment decision was motivated at least in part by an impermissible reason, i.e., a discriminatory reason." *Id.* at 87.   In order to succeed on a disparate treatment claim, a plaintiff "must show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [himself]." *Lopez v. New York City Dep't of Educ.*, No. 17-CV-9205 (RA), 2020 WL 4340947, at *8 (S.D.N.Y. July 28, 2020) (quoting *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003)).   "[T]he Title VII test applies to claims under the NYSHRL[.]" *Atkinson v. Singh*, No. 19-CV-3779 (VSB), 2022 WL 137634, at *15 (S.D.N.Y. Jan. 14, 2022).

Here, there are no facts suggesting that Plaintiff was subjected to disparate treatment because of her gender.   Indeed, she has not alleged *anywhere* in her 182-paragraph Complaint that any male comparators were similarly situated and treated differently than Plaintiff, which is fatal to her disparate treatment claim.   *See id.* at *12 (dismissing plaintiff's disparate treatment claim when plaintiff did not plead specific facts demonstrating how anyone similarly situated was treated better or differently on account of gender).

Plaintiff also has also not alleged any adverse employment action was taken against her. Although Plaintiff claims that McAdam agreed to pay for therapy costs and then later retracted the offer, the Complaint is devoid of any allegation that those costs were an employment benefit that was taken away because she did not receive any such benefits.   Further, Plaintiff makes no allegation that any denial to pay for therapy costs was because of her gender.   For these reasons, Plaintiff's disparate treatment claim must be dismissed.

### e.   Plaintiff Fails to State a Discrimination or Harassment Claim under the NYCHRL.

Under the NYCHRL, a plaintiff must show that she was "treated less well – because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux N. Amer.*, 715 F.3d 102, 110 (2d Cir. 2013).   As the NYCHRL is construed "broadly in favor of discrimination plaintiffs," federal

courts separately consider whether conduct is actionable under this broader standard where conduct is not actionable under federal and state law. *Corradino v. Liquidnet Holdings Inc.*, No. 19 CIV. 10434 (LGS), 2021 WL 2853362, at *5 (S.D.N.Y. July 8, 2021) (citing *Mihalik*, 715 F.3d at 109). Here, even under the broader standard, Plaintiff has not adequately alleged an NYCHRL claim. Plaintiff has not made any claim that she was treated less well than anyone, and also has not alleged that any treatment she received from McAdam was a result of discriminatory intent. For these reasons, Plaintiff's NYCHRL claims must also be dismissed.

### 3. Plaintiff Fails to State a Claim for Retaliation.

#### a. Plaintiff Fails to State a Claim for Retaliation Under Title VII or the NYSHRL.

Plaintiff's retaliation claim also fails for the independent reason that no adverse action was taken against her, as required under Title VII and the NYSHRL. *See Urli v. Town of Hempstead Sanitary Dist. No. 7*, No. 20CV0960GRBARL, 2021 WL 4311141, at *2, n.2 (E.D.N.Y. Sept. 22, 2021) ("Title VII and NYSHRL retaliation claims are analyzed under the same standard."). "[F]or a retaliation claim to survive a motion to dismiss . . . the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against [her], (2) 'because' [s]he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (citing 42 U.S.C. § 2000e-3(a)). "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment. An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Atkinson*, 2022 WL 137634, at *11 (recognizing a materially adverse change could be indicated by a termination of employment, demotion, a less distinguished title, a material loss of benefits, or diminished responsibilities).

Plaintiff's Complaint is devoid of any allegations that constitute an adverse action under Title VII or the NYSHRL. Plaintiff describes two instances that she alleges are "retaliation." First, McAdam allegedly offered to pay for therapy costs and later retracted that offer, when in reality she did not receive any Company benefits as a contractor. Second, Plaintiff claims McAdam accused her of licensing noncompliance, but took no further action. Neither of these are adverse actions that changed the terms or conditions of Plaintiff's work for McAdam. For these reasons, the Court should dismiss Plaintiff's Title VII and NYSHRL retaliation claims.

### b. Plaintiff's Retaliation Claim Under the NYCHRL Should Be Dismissed.

Plaintiff's retaliation claim under the NYCHRL also fails. The NYCHRL defines activities protected against retaliation more broadly than Title VII and the NYSHRL. *McHenry v. Fox News Network LLC*, 510 F. Supp. 3d 51, 67 (S.D.N.Y. 2020). "[R]ather than requiring a plaintiff to show an adverse employment action, [the NYCHRL] only requires [her] to show that something happened that was reasonably likely to deter a person from engaging in protected activity." *Id.* "As with Title VII and NYSHRL, however, the NYCHRL requires a causal connection between an adverse act and a protected activity to prove a retaliation claim." *Schaper v. Bronx Lebanon Hosp. Ctr.*, 408 F. Supp. 3d 379, 394 (S.D.N.Y. 2019). Plaintiff's retaliation claim fails even under this standard. Her allegations regarding therapy costs and a vague accusation do not meet even the broader scope of an occurrence that would deter her from engaging in protected activity, meriting dismissal of her NYCHRL retaliation claim.

### D. Plaintiff's Negligence Claim Should Be Dismissed for Failure to State a Claim.

"To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have

known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels." *Geer v. Gates Chili Cent. Sch. Dist.*, No. 17-CV-6161L, 2021 WL 6015716, at *27 (W.D.N.Y. Dec. 21, 2021).

Plaintiff's negligence claim should be dismissed as she fails to state a claim on each of these three bases. First, Plaintiff does not allege that Norfleet was employee of McAdam, and could not because he was an independent contractor. Under New York law, "an employer who hires an independent contractor is generally not liable for the torts of the independent contractor." *See Dean v. City of Buffalo*, 579 F. Supp. 2d 391, 398 (W.D.N.Y. 2008). Second, McAdam did not know, and should not have known, of any propensity for the conduct that caused Plaintiff's alleged injury as there was no prior report to McAdam alleged. Third, the alleged tort did not occur on McAdam's premises or with McAdam's property. As a result, Plaintiff's negligence claim against McAdam should be dismissed.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety as against McAdam with prejudice, and this Court should award McAdam any such other and further relief as is just and appropriate.

Dated: New York, New York
February 3, 2022

BLANK ROME LLP

By: */s/ Andrew T. Hambelton*
Andrew T. Hambelton
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000

Stephanie Gantman Kaplan (*pro hac vice to be filed*)
Rebecca J. Reist (*pro hac vice to be filed*)
BLANK ROME LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
(215) 569-5500

*Attorneys for Defendant McAdam Financial Group LLC*