Andrew T. Hambelton
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000

Stephanie Gantman Kaplan (*admitted pro hac vice*)
Rebecca J. Reist (*admitted pro hac vice*)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5500

*Attorneys for Defendant McAdam Financial Group LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE 1, <br><br> Plaintiff, <br><br> -against- <br><br> MCADAM FINANCIAL GROUP LLC, <br> CHARLES NORFLEET, <br><br> Defendants. | Case No.: 1:22-cv-00113-GHW-SN |

**DEFENDANT MCADAM FINANCIAL GROUP, LLC'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant McAdam Financial Group, LLC ("McAdam" or the "Company"), through its undersigned counsel, submits this Reply Memorandum of Law in further support of its Motion to Dismiss or, in the Alternative, Transfer Venue ("Motion") of Plaintiff Jane Doe 1's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6) and to address critical omissions and mischaracterizations in Plaintiff's Opposition (Dkt. No. 33) (the "Opposition").

I. **INTRODUCTION**

Despite Plaintiff's best efforts to distort the facts, she has not, and cannot, meet her burden to demonstrate that this Court has personal jurisdiction over McAdam and venue is proper in the Southern District of New York. The only allegation in Plaintiff's Complaint that connects McAdam to New York is McAdam's registration as a foreign limited liability company, which under well settled law is not enough to confer jurisdiction. *See Wilderness USA, Inc. v. DeAngelo Bros. LLC*, 265 F. Supp. 3d 301, 313-14 (W.D.N.Y. 2017). Now, Plaintiff has sharply changed course in the Opposition, alleging for the first time that jurisdiction is proper because she moved to New York in June 2021. Plaintiff undoubtedly knew this "fact" when she filed the Complaint but did not allege it, likely because the facts are that Plaintiff certified she remained a New Hampshire resident as late as July 2021 and did not obtain a license to sell insurance in New York. However, recognizing her weak position on jurisdiction and venue, Plaintiff is now making a last-ditch effort in the Opposition to have a New York court hear her case.

However, as explained in more detail below, Plaintiff's attempt to circumvent the key jurisdictional facts with irrelevant, and often inaccurate, assertions about McAdam's purported contacts with New York are nothing more than a distraction, and do not rise to the level to meet her burdens under Rules 12(b)(2) and (3). *See Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 124 (S.D.N.Y. 2021) ("When responding to a motion to dismiss for lack of personal jurisdiction

1

pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction."); *Sabol v. Bayer Healthcare Pharm., Inc.*, 439 F. Supp. 3d 131, 142 (S.D.N.Y. 2020) ("When a defendant makes an objection to venue, the burden is on the plaintiff to establish that venue is proper.").[1]

Rather, Plaintiff expressly admits, or cannot deny, the following facts that show there is no basis for jurisdiction over McAdam and venue is improper in this Court:

- Plaintiff, and the contractors she identifies in her Complaint, were all retained out of McAdam's Boston office;

- Plaintiff, at all times while performing services for McAdam, affirmatively certified that she resided in the Boston area, she was not licensed to perform services in New York, and she represented herself publicly on her LinkedIn profile as providing services in the Boston area;

- McAdam does not have a New York office or property, does not employ anyone in New York, and has *de minimus* Company revenue from clients in New York; and

- All events preceding and on the night of the alleged assault at the heart of this matter occurred in Boston, and all individuals allegedly involved in any misconduct reside outside of New York.

Because McAdam does not transact business in New York and because Plaintiff's claims do not arise from any transaction of business in New York, there is no personal jurisdiction over McAdam, and, alternatively, venue does not lie in this Court.

## II.  ARGUMENT

### A.  Plaintiff Fails to Establish Personal Jurisdiction Over McAdam.

Plaintiff exclusively "limits her [jurisdictional] argument to [New York's long-arm statute,] CPLR 302(a)(1), which only allows for specific jurisdiction when: (1) a defendant transacts business in New York and, if so, (2) a plaintiff's claims arise from that business. *See*

---

[1] Should the Court find that it has jurisdiction over McAdam and that venue is proper, both of which McAdam denies, McAdam relies on, and incorporates by reference, the remaining arguments in its Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and does not concede or waive that Plaintiff's Causes of Action against McAdam have any merit. (*See* Dkt. Nos. 16, 17, 18).

Dkt. No. 33, n. 4; *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). Plaintiff does not allege any facts to satisfy either prong of this test and concedes any other jurisdictional arguments by failing to address them, including those under CPLR § 301, and 302 (a)(2)-(4). *See Ross v. Port Chester Hous. Auth.*, No. 17-CV-4770 (NSR), 2019 WL 4738941, at *7 (S.D.N.Y. Sept. 27, 2019) ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims.").

### 1. McAdam Does Not Transact Business in New York.

In her Opposition, Plaintiff's sole argument in support of McAdam purportedly "transacting business" in New York City is that Plaintiff allegedly provided services to McAdam from New York by interacting with other McAdam contractors and her clients via Zoom, phone, and email while she was in New York.[2] In support of this singular contention, Plaintiff cites to cases holding that defendants "transacted business" in New York within the scope of CPLR § 302(a)(1) when plaintiffs had *express agreements* with defendant employers that plaintiffs would work in New York. *See, e.g., Winner v. Tryko Partners, LLC*, 333 F. Supp. 3d 250, 260 (W.D.N.Y. 2018) ("Plaintiff claims that Defendant hired her with the express agreement, from the outset[,] that [she] would work from New York."); *Melling v. Hamilton Point Invs., LLC*, No. 118CV3514ARRSMG, 2019 WL 235641, at *4 (E.D.N.Y. Jan. 16, 2019) ("[T]he plaintiff in this case declares that it was "mutually understood" between him and the defendant [LLC]'s members . . . that he would perform half of his work from his home in New York."); *Williams v. Preeminent Protective Servs., Inc.*, 81 F. Supp. 3d 265, 271 (E.D.N.Y. 2015) ("Defendants hired her knowing that she would live and work in Brooklyn, and continued their communications with plaintiff here for a sustained period of time[.]").

---

[2] Plaintiff cannot deny that McAdam has no New York employees and in 2021 less than 0.01% of Company revenue was sourced from clients in New York. (*See* Dkt No. 18, ¶ 8.)

3

However, no such express agreement existed here. To the contrary, Plaintiff represented herself as a Boston area resident in New Hampshire throughout the entire course of performing services for the Company. Specifically, she advised McAdam of her residence in the Boston area in New Hampshire on her Form W-9 at the beginning of her relationship with the Company. (*See* Dkt. No. 18-1.) Then, in April and July 2021, Plaintiff submitted quarterly affirmations as part of her licensing and reporting requirements, confirming that she ***continued to live in New Hampshire***. (Dkt. No. 18-2.) Plaintiff does not dispute that she provided these affirmations.

Moreover, Plaintiff lacked the requisite licenses to perform services in New York. *See* NY INS § 2102(a) ("No person, firm, association or corporation shall act as an insurance producer, insurance adjuster or life settlement broker in this state without having authority to do so by virtue of a license issued and in force pursuant to the provisions of this chapter."). Indeed, New Hampshire and New York insurance databases reveal that Plaintiff, as of the date of this filing, remains licensed in New Hampshire as an Insurance Producer, and is not licensed in New York. (McAdam Declaration ("Decl."), Exs. A, B.) In fact, her profile for New Hampshire still lists her "Domicile State" as New Hampshire and her business address as Boston, Massachusetts. (*Id.*, Ex. A)

In an effort to evade these uncontested facts, Plaintiff argues that despite her affirmative and continuous representations, she actually moved to New York while providing services to McAdam, and that discussing the same with fellow contractors amounts not just to Company knowledge, but also to the Company somehow transacting business in New York. This argument, however, is belied by her own attestation and licensure. As such, the assertion that McAdam "contemplate[d] and create[d] an ongoing relationship with [Plaintiff] to further its own business in the state" is baseless. *See Winner*, 333 F. Supp. 3d at 259.

4

Plaintiff's contention that McAdam "operates more extensively in New York than it has represented" is similarly misleading and inaccurate. (Dkt. No. 33 at 22.) Plaintiff specifically provided and relied on a Form ADV submitted on behalf of McAdam LLC listing a New York address. First, this form was not submitted by Defendant McAdam, and rather was submitted by a McAdam LLC, which is an entirely separate entity that performs distinct services. (Decl., ¶¶ 9, 10.) While McAdam LLC is a Registered Investment Advisor, Defendant McAdam, on the other hand, is an insurance agency that sells fixed annuities and insurance through a network of independent contractors. (*Id.*, ¶¶ 3, 10.) Second, the New York address listed on the form is a WeWork office space, which is a flexible shared office space, that was used by one independent contractor of McAdam at his own expense, and thus in no way demonstrates that the address is a McAdam office. (*Id.*, ¶¶ 11, 12.)

Plaintiff also relies on six LinkedIn profiles of McAdam contractors, that have nothing to do with the facts alleged, purporting that these individuals work in New York, which Plaintiff submits demonstrates McAdam transacts business in New York. In reality, half of the profiles provided were for individuals who work and reside in the New York *area*, in places such as New Jersey and Connecticut as further detailed in John McAdam's Declaration. (*Id.*, ¶¶ 13-16.) Moreover, not one of the contractors whose profiles were provided is mentioned anywhere in Plaintiff's allegations. Notably absent from the LinkedIn profiles provided by Plaintiff is her own profile, which indicated she worked in Boston while performing services for McAdam. (*Id.*, ¶ 17, Ex. C.)

Finally, Plaintiff points to McAdam's business relationship with alleged "affiliate partner" Purshe Kaplan Sterling Investments ("PKS") to attempt to tie the Company to New York. Contrary to Plaintiff's misrepresentations, PKS is a third-party that provides broker dealer services directly

5

to McAdam contractors and has absolutely no affiliation or common ownership with McAdam. (*Id.*, ¶¶ 18-21.) Unbelievably, the very webpage Plaintiff submitted in support of her misrepresentation expressly confirms that "Pursche Kaplan Sterling Investments and McAdam LLC are not affiliated companies" and does not even reference Defendant McAdam. (Dkt. No. 31-3.) As such, any assertion tying PKS's New York business to McAdam is unfounded.

For these reasons, this Court does not have personal jurisdiction over McAdam.

### 2. Plaintiff's Causes of Action Did Not Arise Out of McAdam's Transaction of Business in New York.

Even if McAdam transacted business in New York for the purpose of CPLR § 302(a)(1), which McAdam adamantly denies, Plaintiff fails to meet the second prong of the statute that requires her to show her claims arise from McAdam's business activity in New York. Plaintiff contends in her Opposition that her claims arise from the time she worked for McAdam based on (1) "the ongoing conduct of male managers at McAdam"; (2) "the specific conduct of Norfleet, both prior to June 25, 2021 and on that date"; and (3) "the conduct of McAdam executives after she reported Norfleet's sexual assault." (Dkt. No. 33 at 11.) However, not a single alleged manager, including Defendant Charles Norfleet ("Norfleet"), or McAdam executive identified in the Company resided or worked in New York. Further, to the extent Plaintiff participated in virtual meetings or calls from New York, which McAdam submits is insufficient to support transacting business in New York, not a single allegation of misconduct stemmed from those communications. Indeed, the operative June 25, 2021 events underlying the Complaint, and any alleged preceding incidents, exclusively occurred in Boston, Massachusetts. Accordingly, dismissal of Plaintiff's claims against McAdam are warranted for lack of personal jurisdiction.

### B. Venue Is Not Proper In This District.

Even if Plaintiff can overcome the jurisdictional barriers to proceeding in this Court, which McAdam submits she cannot, this case cannot proceed in this Court for the independent reason that venue is not proper here. Perhaps acknowledging the weakness of her venue argument, Plaintiff buries her analysis at the end of the Opposition and almost entirely bypasses any argument as to the threshold issue of whether venue is proper and moves right to transfer. In doing so, she plainly fails to address McAdam's submission that venue is not proper in this Court under Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), and thereby concedes that the Court does not have venue under the provision. *See Ross*, 2019 WL 4738941, at *7; *Johnson v. City of New York*, 15-CV-8195, 2017 WL 2312924, at *18 (S.D.N.Y. May 26, 2017) (holding that a plaintiff abandoned her claim because her opposition did not address defendants' arguments).

Moreover, Plaintiff's tangential argument about the appropriateness of venue under 28 U.S.C. § 1391(b)(2) contends that a substantial part of the events giving rise to her claim occurred in New York without articulating a single event or alleged unlawful employment practices that occurred in New York. The reason for this omission is clear — her causes of action stem from an alleged sexual assault in Massachusetts.

Unbelievably, to try and hold on to litigating in New York, Plaintiff actually goes so far to state, "[McAdam]'s entire argument is otherwise interacted with Plaintiff that the alleged wrongful conduct took place in Boston, which it did not . . . ." (Dkt. No. 33 at 28.) This is a blatant misrepresentation. Indeed, all of the alleged wrongful conduct occurred in Boston, Massachusetts, and Plaintiff has not alleged any specific misconduct occurring elsewhere.

As noted, Plaintiff's arguments in the Opposition relate to the concept of transfer, where she argues only that transfer would be inconvenient for Plaintiff and her therapist while ignoring all other factors the Court considers. Plaintiff conveniently ignores that this action could have

7

been brought in the District of Massachusetts and that the remaining factors weigh in favor of transfer. The majority of conceivable witnesses in this case are located in Massachusetts, including Norfleet, Aaron Swenson, other McAdam contractors who witnessed what occurred on June 25, 2021, and Plaintiff's sister, who Plaintiff alleges she saw the morning after the alleged assault. (Decl., ¶¶ 22, 23; Dkt. No. 6, ¶¶ 79-80.) When considering the convenience of all parties, Massachusetts is the most appropriate forum on balance: Plaintiff purports to do business there; Norfleet resides in Massachusetts; and McAdam has a Massachusetts office. The locus of operative facts in this case also supports a transfer, as the sites of the events from which Plaintiff's claims arise are in Massachusetts, where the alleged assault took place. Additionally, Plaintiff strategically ignores the means of Norfleet, an individual residing in Boston, which also favors transfer to the District of Massachusetts. (*See* Dkt. No. 25.)

What is more, should the Court transfer Plaintiff's Title VII claims, it is only logical in the interest of judicial economy to transfer the state and local claims arising out of the same nucleus of operative facts. *See Doe #1 v. JetBlue Airways Corp.*, No. 19CV1542NGGCLP, 2020 WL 4605216, at *7 (E.D.N.Y. Aug. 11, 2020). Plaintiff's empty assertion that she is entitled to have a New York court apply its states laws are belied by the fact that Plaintiff also brought a Cause of Action in her Complaint under a Massachusetts statute and asks for relief under Massachusetts law. (*See* Dkt. No. 6 ¶¶ 154-57; Prayer for Relief.)

Finally, "[c]ourts have concluded that it conserves judicial resources, and furthers the interests of the parties, to transfer a case from a forum in which there is a difficult question of personal jurisdiction or venue to a district in which there are no such uncertainties." *Peroutka v. Yeti Coolers, LLC*, No. 18CV6827AMDCLP, 2020 WL 1283148, at *5 (E.D.N.Y. Mar. 17, 2020) (citations omitted). As to whether this Court has personal jurisdiction over either Defendant is, at

the very least, a "difficult question," transfer of the case to the District of Massachusetts would "serve the purposes of the transfer statutes, which is to eliminate impediments to the timely disposition of cases and controversies on their merits." *See Doe* #1, 2020 WL 4605216, at *7.

## III.     CONCLUSIONS

While McAdam submits that the facts presented to the Court plainly support that there is no jurisdiction over McAdam, venue is not proper in this District, and Plaintiff has failed to meet her burdens to demonstrate otherwise, should the Court deem it appropriate, McAdam is prepared to proceed with jurisdictional discovery and an evidentiary hearing on its Motion, as it is in the interest of judicial economy to resolve this matter now. *Shepherd v. Annucci*, 921 F.3d 89, 95 (2d Cir. 2019) (when resolving jurisdictional motions to dismiss, district courts have "considerable procedural leeway" to permit discovery or conduct an evidentiary hearing on the merits of the motion).

For the reasons articulated above, and in Defendant's affirmative Motion and Memorandum of law in support of the same, which is incorporated herein by reference, the Court should grant McAdam's Motion and dismiss all claims against McAdam with prejudice, or in the alternative transfer venue.

Dated: New York, New York
      April 12, 2022

**BLANK ROME LLP**

By: */s/ Andrew T. Hambelton*
Andrew T. Hambelton
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000

Stephanie Gantman Kaplan (*admitted pro hac vice*)
Rebecca J. Reist (*admitted pro hac vice*)
BLANK ROME LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
(215) 569-5500

*Attorneys for Defendant McAdam Financial Group LLC*

10